I concur with the conclusion in the majority opinion that the Court of Civil Appeals improperly added a requirement of physical injury to the test established in Ex parteDrummond Co., 837 So.2d 831 (Ala. 2002), for compensating an injury out-side the schedule in Ala. Code 1975, § 25-5-57(a)(3). However, the majority fails to set forth the portion of Drummond that states the conditions under which pain may be a basis for compensating an injury out-side the schedule.
In Drummond this Court recognized an exception established in Bell v. Driskill, 282 Ala. 640,213 So.2d 806 (1968), that removes certain injuries from the schedule:
 "`[Although the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the [Workers'] Compensation Law to the amount allowed under the schedule for injury to one member.'"
837 So.2d at 833 (quoting Bell, 282 Ala. at 646,213 So.2d at 811). *Page 1042 
This Court in Drummond did not say there must be actual physical injury to another part of the body. Rather, it said the effect of the injury must extend to other parts of the body and produce a greater or more prolonged incapacity than that that naturally results from the specific injury.
An injury to one member could affect other parts of the body by causing pain in other parts of the body. However, the existence of pain alone is not sufficient to justify an award outside the schedule. This Court stated in footnote 11 inDrummond:
 "This case does not present a situation in which the pain, although isolated to the scheduled member, causes a disability to the body as a whole. We recognize that pain can be totally, or virtually totally, debilitating, but this case does not present such a situation; therefore, we decline to address that situation here."
837 So.2d at 836 n. 11.
As I stated in my concurring opinion in Ex parteMasterbrand Cabinets, Inc., 984 So.2d 1146 (Ala. 2007), "[T]his Court should not depart from the compensation schedule enacted by the legislature . . . unless the plaintiff/worker presents objective evidence that the pain he or she experiences is truly disabling." (Parker, J., concurring specially). I also emphasized that the evidence of disabling pain must not be merely subjective:
 "We should require a claimant who seeks compensation beyond the schedule in the Act because of disabling pain to prove either (1) that his or her pain extends to other parts of the body and so interferes with the use of those parts as to have a disabling effect on the entire body or (2) that the pain `is sufficiently abnormal in its frequency or continuity and in its severity,' Masterbrand [Cabinets, Inc. v. Johnson], 984 So.2d [1146,] 1152 [(Ala.Civ.App. 2005)], and is present even when the scheduled member is not used, such that it has a disabling effect on the body as a whole. The resolution of this question of fact depends on the `totality of the lay and medical evidence' before the fact-finder. Crisp [v. Southern Silk Screen, Inc.], 451 So.2d [1260] at 1262 [(La.Ct.App. 1984)]. The pain claimed, thus, must be consistent with the medical evaluation of the injury."
984 So.2d at 1152 (Parker, J., concurring specially).
Jackson alleges both (1) that the injury to his heel extends to his back, disabling his entire body, and (2) that the pain in the heel is so severe as to disable the whole body. Under either theory, he should substantiate his claim with substantial objective evidence that his claim of disabling pain is "consistent with the medical evaluation of the injury."
I would reverse the decision of the Court of Civil Appeals and remand the case to the trial court to determine (1) whether Jackson's claims of pain in his knee and back are supported by sufficient evidence, and (2) whether this pain is so severe as to be disabling.